UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
GOLDENEYE ADVISORS, LLC,

                        Plaintiff,                       **24-CV-9918 (VSB) (VF)**

                -against-                        **ORDER**

HANACO VENTURE CAPITAL, LTD, et al.,

                        Defendants.
------------------------------------------------------------------X

**VALERIE FIGUEREDO, United States Magistrate Judge.**

      On January 7, 2025, Plaintiff filed a letter motion seeking discovery from non-party Pavel Romanovski under the Hague Convention on the Taking of Evidence Aboard in Civil or Commercial Matters. ECF No. 10. Defendant opposed the motion on January 17, 2025 (ECF No. 16), and the Court held a conference to address the dispute on February 4, 2025. See Minute Entry, February 4, 2025. As stated in the complaint, Plaintiff has commenced an arbitration in Israel (ECF No. 1 at ¶ 43) and the arbitration stems from the same investment from which the claims in this action arise.

      Discovery is generally not permitted in aid of arbitration absent "extraordinary circumstances." McIntire v. China MediaExpress Holdings, Inc., 252 F. Supp. 3d 328, 330 (S.D.N.Y. 2017); see also Falcone Bros. P'ship v. Bear Stearns & Co., 699 F. Supp. 32, 35 (S.D.N.Y. 1988) (denying motion for discovery prior to arbitration because "Plaintiffs have demonstrated no reason why the requested discovery must be had immediately"). "Extraordinary circumstances" applies to "situations where a party's ability to properly present its case to the arbitrators will be irreparably harmed absent court ordered discovery." Oriental Com. & Shipping Co. v. Rosseel, N.V., 125 F.R.D. 398, 400-01 (S.D.N.Y. 1989) (holding that

extraordinary circumstances did not exist because "[t]he situation . . . is clearly one of convivence rather than necessity").

Plaintiff has not shown the existence of such circumstances here at this time. In that regard, Plaintiff has not established that the information it is seeking from Mr. Romanovski will be lost if the discovery is not obtained now, rather than at some later time. See e.g., Hughes, Hooker & Co. & Hughes, Hooker (Correspondents) S.A. v. Am. S.S. Owners Mut. Prot. & Indem. Ass'n, Inc., No. 04-CV-1859, 2005 WL 1384055, at *7 (S.D.N.Y. June 9, 2005) (denying motion for discovery prior to arbitration because "[p]laintiffs have demonstrated no reason why the requested discovery must be had immediately"). Although Plaintiff contends that there is a risk it "will never have an opportunity to seek discovery" from Mr. Romanovski, Plaintiff fails to demonstrate why that would be the case. ECF No. 31 at 2. And, Defendants' counsel represented in an e-mail to Plaintiff's counsel on January 14, 2025, that Mr. Romanovski "would agree for [his] deposition to be taken in the near future," further undermining Plaintiff's contention that it will be unable to obtain Mr. Romanovski's deposition at a later time. ECF No. 16-1 at 2. For this reason, Plaintiff's reliance on Bigge Crane & Rigging Co. v. Docutel Corp., 371 F. Supp. 240 (E.D.N.Y. 1973), is misplaced. See ECF No. 31. The circumstances here, unlike in that case, do not establish that the discovery sought is necessary at this juncture. See Bigge Crane & Rigging Co., 371 F. Supp. at 246.

Plaintiff's letter motion seeking the non-party deposition of Mr. Romanovski is denied at this time, pending resolution of the motion to compel arbitration (see ECF No. 25). The Clerk of Court is respectfully directed to terminate the gavel at ECF No. 10.

**SO ORDERED.**

DATED:   New York, New York
         February 19, 2025

_____
VALERIE FIGUEREDO
United States Magistrate Judge