**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

GOLDENEYE ADVISORS, LLC,

              Plaintiff,

  -v-

HANACO VENTURE CAPITAL, LTD., et al.,

              Defendants.

24-CV-9918 (VSB) (VF)

**OPINION & ORDER**

**VALERIE FIGUEREDO, United States Magistrate Judge.**

Presently before the Court is a motion by non-party STL Namos LP ("STL Namos") to intervene under Federal Rule of Civil Procedure 24 for the limited purpose of moving to compel arbitration. ECF No. 21. Defendants Hanaco Venture Capital, LTD. ("Hanaco"), Lior Prosor, and David Frankel (collectively, "Defendants") support intervention by STL Namos. To date, Plaintiff Goldeneye Advisors, LLC has not responded to the motion to intervene. For the following reasons, the motion to intervene is **GRANTED**.

**BACKGROUND**

**A. The Underlying Action**

Plaintiff is a limited liability company organized under the laws of South Dakota. ECF No. 1 at ¶ 6. Defendant Hanaco is a venture capital firm organized under the laws of Israel. Id. at ¶ 7. STL Namos, a limited partnership organized under the laws of Delaware, is a fund used by Hanaco to invest in Israeli start-up companies. Id. at ¶¶ 39, 41.

This dispute arises out of Plaintiff's $1 million investment in STL Namos, which STL Namos then invested in Vesttoo, Ltd., an Israeli startup. Id. at ¶¶ 39, 41, 42. The relevant contracts include a Limited Partnership Agreement (the "Partnership Agreement") of STL

Namos, which was among STL Namos GP, the General Partner, and certain limited partners, including Plaintiff. Id. at ¶ 43; ECF No. 23-1. The Partnership Agreement includes an arbitration clause which requires the parties to arbitrate "any dispute arising out of or in connection with th[e] Agreement or any Limited Partner's Subscription Agreement" that cannot be "amicably resolved between the parties." ECF No. 23-1 at 41.[1] Plaintiff also entered into a Subscription Agreement, which confirmed Plaintiff's $1 million investment with STL Namos. ECF No. 23-2 at 5, 26-28. The Subscription Agreement reiterates that the partnership between STL Namos and Plaintiff is governed by the Partnership Agreement, which contains the arbitration clause. Id. at 18.

After Plaintiff's investment, Plaintiff learned that Vesttoo's purported success was fraudulent, based on management's forgery of $4 billion worth of letters of credit from financial institutions. ECF No. 1 at ¶¶ 45, 54. Ultimately, Vesttoo filed for Chapter 11 bankruptcy in Delaware. Id. at ¶ 59. As a result of the bankruptcy, Plaintiff allegedly lost its $1 million investment. Id. at ¶ 67.

On March 11, 2024, Plaintiff commenced an arbitration proceeding against STL Namos in Israel (the "Israel Arbitration"), which remains ongoing. ECF No. 35 at 19; ECF No. 23-3 at 3. On December 24, 2024, Plaintiff commenced this action against Defendants asserting a claim for violation of Section 10(b) of the Exchange Act, 15 U.S.C. § 78j(b), and Rule 10b-5, and state-law claims for fraudulent misrepresentation and negligence. ECF No. 1 at ¶¶ 68-91.

---

[1] The page numbers referenced herein for citations to the electronic docket ("ECF") are to the ECF-generated pagination.

B. **The Instant Motion**

On January 29, 2025, Defendants and STL Namos served an arbitration demand notice on Plaintiff. ECF No. 23-3. On January 31, 2025, STL Namos filed a motion to intervene under Federal Rule of Civil Procedure 24. ECF Nos. 21-22. STL Namos seeks to intervene here for the limited purpose of compelling arbitration pursuant to the Partnership Agreement. ECF No. 22 at 5-6. Plaintiff has not opposed the motion to intervene.

## DISCUSSION

A. **Legal Standard**

Federal Rule of Civil Procedure 24 permits a party to intervene in an ongoing litigation as of right or by permission of the court. See Louis Berger Group, Inc. v. State Bank of India, 802 F. Supp. 2d 482, 487 (S.D.N.Y. 2011). In seeking intervention under Rule 24, the "proposed intervenor bears the burden of demonstrating that it meets the requirements for intervention." In re OpenAI, Inc., Copyright Infringement Litig., No. 23-CV-11195 (SHS) (OTW), 2025 WL 1726973, at *1 (S.D.N.Y. June 20, 2025).

For intervention as of right, Rule 24(a)(2) provides that "[o]n timely motion, the court may permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest." Fed. R. Civ. P. 24(a)(2). To intervene under Rule 24(a)(2), an applicant must "(1) timely file an application, (2) show an interest in the action, (3) demonstrate that the interest may be impaired by the disposition of the action, and (4) show that the interest is not protected adequately by the parties to the action." Brennan v. N.Y.C. Bd. of Educ., 260 F.3d 123, 128-129 (2d Cir. 2001). "Failure to satisfy any one of these requirements is a sufficient

ground to deny the application." Authors Guild v. Google, Inc., No. 05-CV-8136 (DC), 2009 WL 3617732, at *1 (S.D.N.Y. Nov. 4, 2009).

For permissive intervention under Rule 24(b), the court, upon the filing of a timely motion, "may permit anyone to intervene" who is either "given a conditional right to intervene by a federal statute" or "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1). "'A district court has broad discretion in deciding whether to grant permissive intervention,' but must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Louis Berger Group, Inc., 802 F. Supp. 2d at 488 (quoting S.E.C. v. Bear, Stearns & Co., No. 03-CV-2937 (WHP), 2003 WL 22000340, at *2 (S.D.N.Y. Aug. 25, 2003)). The court has broad discretion under Rule 24(b) to determine if intervention should be permitted. See Trs. of Nat'l Ret. Fund v. Fireservice Mgmt. LLC, 384 F. Supp. 3d 412, 418 (S.D.N.Y. 2019).

**B. Application**

STL Namos seeks to intervene as of right under Rule 24(a)(2) or, in the alternative, at the Court's discretion under Rule 24(b). ECF No. 22 at 13, 22. For the reasons discussed below, STL Namos has established that it is entitled to intervention as of right under Rule 24(a)(2).

1. STL Namos' motion is timely.

For intervention as of right, the Court must determine whether the intervenor's application is timely. In re OpenAI, Inc., 2025 WL 1726973 at *2. Among the factors to be considered are: "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994). The

4

first of these factors, "the length of time the applicant knew or should have known of [its] interest before making the motion" is "[a]mong the most important factors" to be considered in determining timeliness. Catanzano by Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996) (internal quotation marks omitted).

All of the factors weigh in favor of concluding that STL Namos' motion is timely. STL Namos filed its motion to intervene on January 31, 2025, 38 days after the complaint was filed in this case on December 24, 2024. ECF Nos. 1, 21. Seeking to intervene 38 days after a suit is initiated is timely under Rule 24. See E.E.O.C. v. Merrill Lynch & Co, Inc., No. 07-CV-6017 (DAB), 2007 WL 2846361, *1 (S.D.N.Y. Sept. 26, 2007) ("In this case, there is no question that the Motion to Intervene is timely since it was filed less than two months after this suit commenced."); Bldg. and Realty Inst. of Westchester and Putnam Counties., Inc. v. New York, No. 19-CV-11285 (KMK), 2020 WL 5667181, at *3 (S.D.N.Y. Sept. 23, 2020) (concluding that motion to intervene filed about four months after complaint was timely where intervention was sought "at a very early stage in the litigation") (cleaned up); S.E.C. v. Platinum Mgmt. (NY) LLC, No. 16-CV-6848 (DLI) (VMS), 2017 WL 2915365, at *2 (E.D.N.Y. July 7, 2017) (concluding that motion to intervene was timely when it was filed "just over one month" after the action was filed).

Moreover, there will be no prejudice or undue delay to the parties in the action if intervention is permitted. This case remains in its preliminary stages, with no scheduling order yet in place. See Emery Mukendi Wafana & Assocs., P.C. v. Mengara, No. 20-CV-9788 (VEC) (KHP), 2021 WL 9333200, at *2 (S.D.N.Y. Aug. 10, 2021) (noting that parties would not be prejudiced by intervention because "the litigation is still at an early stage and discovery is ongoing"). And, significantly, Plaintiff has not opposed the motion to intervene. See Mortg.

5

Lenders Network, Inc. v. Rosenblum, 218 F.R.D. 381, 384 (E.D.N.Y. 2003) (concluding that there was no prejudice to parties where parties failed to oppose non-party's motion to intervene).

But whereas Plaintiff will not be prejudiced by intervention, STL Namos would be prejudiced if denied an opportunity to intervene in this case to compel arbitration. Presently, STL Namos is a party to an arbitration in Israel commenced by Plaintiff, which stems from the same underlying events that form the basis of Plaintiff's claims here. Without intervention, STL Namos cannot compel arbitration in this action, even though the claims here overlap with the claims asserted against it in the Israeli arbitration. ECF No. 23-3 at 3. If the arbitration and this action proceed simultaneously, STL Namos faces the risk of inconsistent results and having duplicative proceedings wastes resources. See Mortg. Lenders Network, Inc., 218 F.R.D. at 384 (granting motion to intervene where there would be a risk of inconsistent rulings on the same issues); U.S. for use of Preferred Masonry Restoration, Inc. v. Int'l. Fid. Ins. Co., No. 17-CV-1358 (KMK), 2019 WL 4126473, at *3 (S.D.N.Y. Aug. 30, 2019) (granting intervention where intervenor would be prejudiced if application was denied because it could be subject to inconsistent rulings).

In short, the motion to intervene is timely.

2. STL Namos has an interest in this litigation.

A party seeking to intervene "must have a direct, substantial, and legally protectable interest in the subject matter of the action." United States v. City of New York, 198 F.3d 360, 365 (2d Cir. 1999) (internal quotation marks and citations omitted). "An interest that is remote from the subject matter of the proceeding, or that is contingent upon the occurrence of a sequence of events before it becomes colorable, will not satisfy the rule." Brennan, 260 F.3d at 129 (citation and internal quotation marks omitted).

STL Namos has a direct, substantial, and legally protectable interest in this action. STL Namos is a party to both agreements that form the contractual basis for Plaintiff's $1 million investment that is the subject of its claims here and in the Israeli arbitration. ECF No. 1 at ¶ 43; ECF Nos. 23-1, 23-2; see also Brennan, 260 F.3d at 132 (2d Cir. 2001) (determining that proposed intervenors, whose contractual rights were directly at issue, had sufficient interest that was not remote or contingent); In re Costa Pinto, No. 21-MC-663 (VEC), 2022 WL 4088012, at *4 (S.D.N.Y. Sept. 6, 2022) (concluding that intervenors had sufficient interest where they were parties to the disputed transaction that was the subject of the action). Additionally, any rulings in this case will directly impact STL Namos, because STL Namos has a duty to indemnify the Defendants in this action. ECF No. 23-1 at 21, 30-31; see also Cole Mech. Corp. v. Nat'l Grange Mut. Ins. Co., No. 06-CV-2875 (LAK) (HBP), 2007 WL 2593000, at *4 (S.D.N.Y. Sept. 7, 2007) (granting intervention where intervenor was party to contract at issue and had indemnification obligations).

    3. Without intervention, STL Namos' interests may be impaired.

The third factor under Rule 24(a) requires a court to determine whether "the applicant is so situated that without intervention, disposition of the action may, as a practical matter, impair or impede the applicant's ability to protect its interest." MasterCard Intern. Inc. v. Visa Intern. Serv. Ass'n, Inc., 471 F.3d 377, 389 (2d Cir. 2006). "This inquiry heavily overlaps with the 'substantial interest' and the 'adequate representation' prongs of the test" and thus "[a] party whose interest is at stake in litigation and is not adequately represented is likely to suffer impairment in its ability to protect its interest." In re Pandora Media, Inc., No. 12-CV-8035 (DLC), 2013 WL 6569872, at *9 (S.D.N.Y. Dec. 13, 2013).

STL Namos' interests may be impaired if not permitted to intervene. In addressing the claims in this action, the Court will have to address the exculpatory and warranty clauses in the Subscription Agreement, which may form a basis for Defendants' defenses in this action. ECF No. 23-1 at 29-32. Any ruling on those contractual provisions could affect STL Namos' interests, given that the clauses may also be at issue in the Israeli arbitration and because of STL Namos' indemnification obligation to Defendants. See Royal Park Invs. SA/NV v. U.S. Bank Nat'l Ass'n, 356 F. Supp. 3d 287, 296 (S.D.N.Y. 2018) (concluding non-party would suffer potential impairment where contract determinations could create adverse precedent making future litigation an "uphill battle"); Cole Mech. Corp., 2007 WL 2593000, at *4 (determining that intervenor with contractual obligation to indemnify defendant had clear interest that may be impaired by litigation outcome).

    4. <u>The current parties may not adequately represent the interests of STL Namos.</u>

Under the fourth factor, "proposed intervenors must show that their interests are not adequately protected by the parties in th[e] action." Travis v. Navient Corp., 284 F. Supp. 3d 335, 345-46 (E.D.N.Y. 2018). The burden of showing inadequacy is minimal. Wash. Elec. Co-op., Inc. v. Mass. Mun. Wholesale Elec. Co., 922 F.2d 92, 98 (2d Cir. 1990). The test is "whether the [parties'] interests [are] so similar to those of [the putative intervener] that adequacy of representation [is] assured." Arista Recs., Inc. v. Dalaba Color Copy Ctr., Inc., No. 05-CV-3634 (DLI) (MDG), 2007 WL 749737, at *7 (E.D.N.Y. Mar. 7, 2007) (citing Brennan, 260 F.3d at 133).

Defendants in this action cannot adequately represent STL Namos' interests because they are not parties to the Partnership Agreement. Defendants' status as non-signatories creates uncertainty about their ability to enforce the arbitration clause. See Arthur Andersen LLP v.

8

Carlisle, 556 U.S. 624, 631 (2009) (concluding that a non-signatory's ability to enforce arbitration depends on applicable state law principles). If Defendants cannot compel arbitration, STL Namos' contractual right to resolve disputes through arbitration could go unprotected. See Martell Strategic Funding, LLC v. Am. Hospitality Acad., No. 12-CV-0627 (ALC) (RLE), 2013 WL 12562179, at *7 (S.D.N.Y. Sept. 4, 2013) (granting intervention where "original parties are not in a position to represent [intervenor's] interests" because their "rights under the Agreement are [not] wholly consistent" with the intervenor's rights). Additionally, STL Namos has an indemnification obligation to Defendants under the Partnership Agreement, creating a potential divergence in litigation strategy and settlement positions. See Cole Mech. Corp., 2007 WL 2593000, at *4 (S.D.N.Y. Sept. 7, 2007) (determining that intervenor's indemnification obligations created sufficient interest for intervention).

In sum, STL Namos has satisfied all four factors required to intervene as of right under Rule 24(a), and Plaintiff has not argued otherwise. As such, intervention as of right is appropriate.

## CONCLUSION

For the foregoing reasons, STL Namos' motion to intervene is GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 21.

Dated:   New York, New York
         July 24, 2025

SO ORDERED

_____
VALERIE FIGUEREDO
United States Magistrate Judge

9